**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| James Lavon Parks, III,<br>Plaintiff,<br>v.<br>Unknown Party, et al.,<br>Defendants. | No. CV-26-02388-PHX-JAT (CDB)<br>**ORDER** |

Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Camille D. Bibles, (Doc. 23), recommending the denial of Plaintiff's motion for leave to amend his complaint, (Doc. 20). Plaintiff timely objected to the R&R, (Doc. 26), and Defendants did not respond. The Court now rules.

## I. BACKGROUND

On April 6, 2026, Plaintiff James Lavon Parks III filed a pro se civil rights complaint pursuant to U.S.C. § 1983 against 13 defendants. (Doc. 1). Count I alleges an Eighth Amendment conditions of confinement claim due to the Defendants' failure to remedy the "unsanitary and dangerous living conditions" in Plaintiff's jail cell. (Doc. 1 at 5). Count II alleges an Eighth and Fourteenth Amendments medical claim. (*Id.* at 9). After screening the complaint, the Court dismissed Count I and dismissed Defendants Allen, Parker, R. Perkins, Frye, Loni, Pablo, Nofel, Wilson, Male Provider and Detention Officer Mr. Perkins but allowed Plaintiff's Eighth and Fourteenth Amendments claim (Count II) against Defendants Heather and Ronay to proceed. (Doc. 5 at 14).

In August 2026, Plaintiff filed a motion to amend his complaint, attaching a copy of his initial complaint and a copy of his proposed amended complaint to the motion. (Doc. 20). The R&R found that Plaintiff sought to restate Count I of his initial complaint and to add more defendants to Count I, but Plaintiff failed to allege adequate facts to state a cognizable claim for relief. (Doc. 23 at 23). As for Count II, the R&R likewise found Plaintiff sought to add more defendants and failed to allege adequate facts against each defendant to state a cognizable claim for relief. (*Id.*) Based on these findings, the R&R recommends that the Court deny Plaintiff's motion to amend his complaint. (*Id.*)

## II. STANDARD OF REVIEW

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district judge must review the findings and recommendations of the Magistrate Judge *de novo* only if there is an objection from one or both parties, but not otherwise. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object"). District courts are not obligated to perform any review of any issue to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## III. DISCUSSION

Plaintiff raised the following objections to the R&R only regarding his Fourteenth Amendment conditions of confinement claim: (1) the conditions in his jail cell were not reasonably addressed and the Defendant's actions amounts to reckless disregard for Plaintiff's physical injuries, (2) Plaintiff sufficiently alleged facts showing knowledge of the conditions, (3) Plaintiff sufficiently alleged facts regarding the seriousness of the risk or actual injury he experienced, (4) Plaintiff's allegations against Marquez should be considered or Plaintiff should be allowed to correct his pleadings, and (5) Plaintiff should be given leave to cure any deficiencies in his proposed amended complaint. (Doc. 26 at 2–8).

**A. Legal Standard**

**i. Fourteenth Amendment Claim for Unconstitutional Conditions of Confinement**

A pretrial detainee has a right under the Due Process Clause of the Fourteenth Amendment to be free from punishment prior to an adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). And "[p]retrial detainees are also entitled to 'adequate food, clothing, shelter, sanitation, medical care, and personal safety.'" *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982)). To state a Fourteenth Amendment claim for unconstitutional conditions of confinement, a plaintiff must allege (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined, (2) the conditions placed the plaintiff at substantial risk of serious harm, (3) the defendant did not take reasonable available measures to abate that risk, and (4) by failing to take those measures, the defendant caused plaintiff's injuries. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

**B. Plaintiff's Objections**

The Court addresses each of Plaintiff's objections, to the best it can discern Plaintiff's arguments.

**i. Objection 1–Conditions Were Not Reasonably Addressed**

Plaintiff argues the mold conditions in his jail cell were not reasonably addressed by simply moving Plaintiff to a different cell and "repeatedly clean[ing] [his] toilet." (Doc. 26 at 2). The R&R found that Plaintiff's factual statements were insufficient to state a Fourteenth Amendment conditions of confinement claim. (Doc. 23 at 18). Although Plaintiff does not specifically indicate which portion of the R&R he is objecting to, the Court construes this objection to challenge the third element of his conditions of confinement claim under Count 1.

The third element of a Fourteenth Amendment conditions of confinement claim requires a plaintiff to allege the defendants failed to take reasonable available measures to

abate the substantial risk of serious harm to the plaintiff. *Castro*, 833 F.3d at 1070. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[] on the facts and circumstance of each particular case.'" *Castro*, 833 F.3d 1060, 1071 (9th Cir. 2016) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)). To establish objective unreasonableness, a plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard."[1] *Castro*, 833 F.3d at 1071 (quoting *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986)).

And the Ninth Circuit Court of Appeals has held that "[t]he 'reckless disregard' standard is a formidable one." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 636 (9th Cir. 2021) (citing *Roman v. Wolf*, 977 F.3d 935, 947 (9th Cir. 2020)). To meet the reckless disregard standard, a plaintiff "must show that the defendant 'disregard[ed] an excessive risk to the plaintiff's health and safety by failing to take 'reasonable and available measures' that could have eliminated that risk." *Id.* (quoting *Castro*, 833 F.3d at 1070–71).

Plaintiff argues that his movement to different cells does not demonstrate that Defendants took reasonable measures to "eliminate the alleged substantial risk to [Plaintiff's] health."[2] (Doc. 26 at 2, 6). But Plaintiff has not alleged that any defendant made the intentional decision to move him into cells that had the alleged black mold, nor has he alleged that any defendants failed to take reasonable available measures to abate that risk. To the contrary, Plaintiff alleges that he was moved multiple times to accommodate his complaints of the alleged mold. (Doc. 20 at 50, 55). Plaintiff has not alleged sufficient facts that Defendants failed to take reasonable measures by moving Plaintiff to a different cell multiple times. *See Fraihat*, 16 F.4th at 636 (citation modified) (noting that a defendant's actions are objectively unreasonable if the defendant

[1] In Plaintiff's fourth objection, he objects to the R&R finding that "at best[,] the named defendants' acts were negligent." (Doc. 23 at 20; Doc. 26 at 4–5). Plaintiff contends the "repeated complaints, recurring contamination, physical symptoms, breathing problems, grievances, photographs of the conditions, maintenance being made aware of the problem, repeated unsuccessful cleaning and continued exposure" amounted to reckless disregard. (Doc. 26 at 5). Because this objection addresses reckless disregard, it is analyzed in this section with objection 1.

[2] Although this objection is listed separately as objection 5, the Court construes it as challenging the R&R's finding that the condition was reasonably addressed and therefore, the Court analyzes it with objection 1. (Doc. 26 at 5).

"disregarded an excessive risk to the plaintiff's health and safety by failing to take reasonable and available measures that could have eliminated that risk.").

As to Plaintiff's objection regarding the unreasonableness of merely repeatedly cleaning his toilet, Plaintiff likewise fails to allege facts to sufficiently state a claim. Plaintiff argues the toilet cleaning "did not actually correct the problem," as the mold "repeatedly returned after cleaning." (Doc. 26 at 2). But taking the facts in Plaintiff's proposed amended complaint as true, his toilet was cleaned a number of times and was even replaced. (Doc. 20 at 8, 52, 53, 54). Plaintiff alleges that in addition to having the toilet cleaned, he was also moved to different cells. (*Id.* 6, 50). Plaintiff does not allege that any Defendant had the authority to ensure the jail cells where Plaintiff was moved had no black mold. *See Rayford v. Sherman*, 1:19-cv-002250AWI0GSA-PC, 2022 WL 1793162, at * 18 (E.D. Ca. 2022) (finding the defendants did not fail to take reasonable measures when plaintiff was moved from one flooded cell to another flooded cell because the defendants had no control over funding or replacing the roof to remedy the flooding).

Therefore, the Court concludes that these attempts to clean the toilet and move Plaintiff amounted to Defendants taking "reasonable available measures to abate th[e] risk" of Plaintiff "suffering serious harm." *Gordon*, 888 F.3d at 1125. Accordingly, accepting Plaintiff's facts as true, he fails to state a claim and amendment would be futile. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (futility alone justifies denying leave to amend).

**ii. Objection 2–Knowledge of the Condition**

Plaintiff argues he alleged sufficient facts showing Defendants actual knowledge of the condition. (Doc. 26 at 2). Specifically, he argues that Perkins personally took photographs of the black mold identified by Plaintiff and Sergeant 2500 told Plaintiff that maintenance was aware of the mold issue. (*Id.* at 3). To the extent Plaintiff is objecting to the R&R's finding that "the claims alleged against the named defendants do not provide a description of the knowledge or actions of any particular individual from which it can be inferred that the named individual made an intentional decision to disregard Plaintiff's

complaints regarding the cleanliness of Plaintiff's toilet," the Court disagrees. (Doc. 23 at 18–19).

Plaintiff misreads the R&R. The R&R did not find that Plaintiff failed to allege sufficient facts showing Perkins and Sergeant 2500 had actual knowledge of the condition. Instead, the R&R found that Plaintiff's "allegations [were] sufficient to establish that the named defendants were aware of the problem," but "they [were] insufficient to establish that the [D]efendants themselves either caused the problem or failed to act to resolve the problem." (Doc. 23 at 19). Because Plaintiff does not object to the finding that his allegations were insufficient to establish that defendants caused the mold or failed to act to resolve the mold, the Court does not address this part of the R&R's finding. *See Thomas*, 474 U.S. at 149 (noting that no review is required on issues to which no party objects).

**iii. Objection 3–Serious Risk or Actual Injury Suffered by Plaintiff**

Plaintiff objects to the R&R finding that he failed to sufficiently allege a serious risk or actual injury because he alleged he suffered from physical symptoms such as breathing problems, worsening asthma, skin breakouts, rashes, runny eyes and nose, headaches, and gastrointestinal problems. (Doc. 26 at 4). To the extent Plaintiff's objection is challenging the R&R's finding as to each Defendant he lists under Count I, the Court disagrees.

Plaintiff again misreads the R&R. The R&R did not find that Plaintiff failed to allege a serious risk or actual injury. Rather, it found he did not sufficiently allege an "actual injury **arising** from the asserted deprivation of his right to be free of cruel and unusual punishment by being subjected to the allegedly unsanitary conditions of confinement." (Doc. 23 at 19). The fourth element of a Fourteenth Amendment conditions of confinement claim requires a plaintiff to allege a defendant failed to take reasonable measures, which caused the plaintiff's injuries. *Castro*, 833 F.3d at 1070.

In Plaintiff's proposed amended complaint, he alleges R. Perkins never came to inspect the problem and deliberately chose not to do anything about the black mold. (Doc. 20 at 51). R. Perkins ruled the substance was mildew, but he "never took sampling [pro]cedures." (*Id.*). But Plaintiff does not allege that R. Perkins, who appears to be a

member of the prison maintenance team (*see* Doc. 20 at 5), had the authority to enter Plaintiff's cell. This allegation is insufficient to allege that R. Perkins failed to take reasonable measures and this failure caused Plaintiff's injuries. *Castro*, 833 F.3d at 1071 (citation modified).

Plaintiff also alleges that West lied about Plaintiff seeing nurse 2 days before. (*Id.*). "The pattern practice of continuous" disregarding of Plaintiff's health caused [P]laintiff to suffer inflicting pain "due to the poorly customs [sic] of practice." (*Id.*) And the black mold and sewage smell makes him throw up and have stomach [crips]." (*Id.* at 52). To the extent Plaintiff is alleging a delay in medical care, without more, this is "insufficient to state a claim against prison officials for deliberate indifference." *Shapley v. Nev. Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

Plaintiff alleges that Lieutenant Parker "ha[d] the influence to move [him] to [a] safe cell." (*Id.* at 54). He also alleges that Lieutenant Parker knew about the mold and "show[ed] deliberately [sic] indifferen[ce] of the substantial risk of harm that the 'black mold'/mildew is causing [Plaintiff]" because no one came to test for black mold. (*Id.* at 53–54). This, however, is nothing more than an attempt at "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), conclusory and vague allegations will not support a cause of action, *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Therefore, amendment would be futile.

Plaintiff also alleges the following:

- Plaintiff has "real bad asthma [and] [his] lungs can't handle as [sic] as it damage[s] [his] skin." (*Id.*) Sergeant 2500 did not take reasonable available measures. (*Id.*)
- "I stated I suffered of [sic] inflicting pain. [Mr.] Frye continue[s] to lie and show misconduct." (*Id.* at 53).

- McKey "made false statements" regarding whether Plaintiff saw a nurse. (*Id.*)[3]

These allegations likewise do not sufficiently allege that these Defendants' actions amounted to the failure to take reasonable measures that caused Plaintiff's injuries.

**iv. Objection 4–Allegations Concerning Marquez**

Plaintiff objects to footnote 1 in the R&R, which recommends disregarding allegations made in Plaintiff's "proposal" due to Plaintiff's failure to comply with LRCiv. 15.1 (Doc. 23 at 15 n.1). Specifically, Plaintiff requests the Court consider the allegation that Marquez made him clean the toilet after seeing Plaintiff's physical discomfort. (Doc. 26 at 7). LRCiv 15.1 requires a party who moves for leave to amend a pleading to attach a copy of the proposed amended pleading and indicate "in what respect it differs from which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added."

Here, Plaintiff did not indicate in the proposed amended complaint the changes he made from the initial complaint, and he included allegations in his "proposal" that were not included in the text of the proposed amended complaint. (Doc. 20 at 5–9 (proposal), 50–61 (amended complaint)). The Court previously instructed Plaintiff that if he wanted to amend his complaint to address its shortcomings, he would need to comply with LRCiv. 15.1. (Doc. 5 at 14). Because Plaintiff failed to comply with LRCiv. 15.1, the Court declines to consider the allegations listed against Marquez in Plaintiff's proposal. *See Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (citation omitted) (noting that a district court's local rules have "the force of law").

**i. Objection 5–Leave to Amend**

Plaintiff's final "objection" is a request for leave of the Court to file another amended complaint to cure the deficiencies in his proposed amended complaint. (Doc. 26 at 7–8). An objection to R&R is not the appropriate vehicle for Plaintiff to seek leave to amend. *See Skinner v. Tel-Drug Inc.*, No. CV-16-00236-TUC-JGZ (BGM), 2017 WL 1075029, at *2 (D. Ariz. 2017) (finding it inappropriate to seek leave to amend in an

---

[3] The Court also notes that Plaintiff lists Marquez in the left margin of the proposed amended complaint but does not develop any allegations against him. (Doc. 20 at 51).

objection to an R&R). Accordingly, the Court declines to consider Plaintiff's request, but this does not preclude Plaintiff from filing another motion to amend.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's "Objections to Report and Recommendation" (Doc. 26) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of Magistrate Judge Camille D. Bibles (Doc. 23) is **ACCEPTED** and **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (Doc. 20) is **DENIED**.

Dated this 14th day of October, 2026.

James A. Teilborg
Senior United States District Judge